# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SEAN QUALLS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-311 (CKK) |
| ISAAC FULWOOD, JR. *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

Because it has come to the attention of the Court that a mistake occurred arising from an oversight and omission in the record, the Memorandum Opinion and the Order entered August 14, 2009, will be vacated and an Amended Memorandum Opinion and Amended Order will be entered on this date.

Plaintiff filed a *pro se* complaint in February 2009, asserting that he was entitled to, but did not receive, a parole decision made in accord with the 1987 parole guidelines. As relief, the plaintiff sought a declaratory judgment to that effect and an order compelling the defendants to provide him with a parole hearing in which the 1987 guidelines would be applied. Acting on its own, the United States Parole Commission held a new parole hearing on June 24, 2009, applying the 1987 guidelines, and moved to dismiss the complaint as moot. Plaintiff filed an opposition and, after considering the merits of the matter, the Court granted the defendants' motion, and dismissed the complaint by Order entered August 14, 2009.

By letter directed to Chief Judge Royce C. Lamberth, United States District Court for the District of Columbia, and received on May 21, 2010, the plaintiff sought to file a complaint



against the undersigned Judge "for not informing [him] of the dismissal of [his] motion [sic], which effectively took my right of appeal." *See* Letter from Plaintiff to Chief Judge, appended as Attachment A. In light of the fact that the Clerk's Office — not the Judge — is responsible for mailing copies of orders, the Chief Judge directed the Clerk's Office to investigate the matter to determine, if possible, whether the Clerk's Office had failed to send to the plaintiff a copy of the August 14, 2009 Memorandum Opinion and accompanying Order. The investigation determined that the Clerk's Office had erred when the case was originally docketed by failing to identify the plaintiff as *pro se*. As a routine matter, a *pro se* plaintiff is so identified on the docket, which cues the Clerk's Office to mail copies of all of the Court's orders to the *pro se* plaintiff. In this case, the docket does not identify the plaintiff as *pro se*, which is an aberration and a clear mistake of oversight and omission. Consequently, there was no cue to the Clerk's Office to mail copies to the plaintiff when the Court issued its decision. There is no evidence in the docket to establish that the Court's orders were mailed to the plaintiff. In light of the aberrant ministerial error arising from an oversight and omission, it appears likely that the Clerk's Office did not mail copies of the Court's orders to the *pro se* plaintiff.

In pertinent part, Rule 60(a) states as follows:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in the judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.

Fed. R. Civ. P. 60(a). Because the Clerk's Office's own investigation indicates that it made a clerical mistake arising from an oversight and omission affecting the record in this case and resulting in a lack of notice to the *pro se* plaintiff of a final, appealable order, the Court will, acting *sua sponte,* correct the mistake by vacating the Memorandum Opinion and the Order

-2-

entered August 14, 2009. An Amended Memorandum Opinion[1] and an Amended Order will be entered this same day.

An accompanying Order is issued separately this day.

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

Date: July 8, 2010

Attachments: A

_____

[1] The Amended Memorandum Opinion is amended only to correct a typographical error in the case number. It is in all other respects identical to the Memorandum Opinion entered August 14, 2009.

ATTACHMENT
A

RECEIVED

MAY 2 1 2010

CHAMBERS OF
JUDGE LAMBERTH

FOR DISTRICT OF COLUMBIA CIRCUIT

JUN 02 2010

RECEIVED

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JUN 02 2010

CLERK

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

JUN 02 2010

CLERK

Qualls 1131-007
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

Royce C. Lamberth, Chief Judge
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2866

Your Honour,

On February 6, 2009 the Court received my motion, titled Declaratory Judgement and Injunctive Relief, Civil Action No. 09-311 (CKK). It was filed sometime thereby. Around February of 2010 I sent a letter to the court to inquire as to the status of said motion. I have a letter from the clerk of the court post marked February 23, 2010 in which they informed me that my motion had been dismissed on August 14, 2009.

I would like to issue a complaint against Judge Colleen Kollar-Kotelly, and her clerk for not informing me of the dismissal of my motion, which effectually took my right of appeal. Even when I inquired as to the status of my motion there was never any indication about my right to appeal. I humbly request that this matter be resolved, and that I have my chance to appeal this decision.

Very Respectfully,
Sean Qualls